PETER MONFELT ET AL., APPELLANTS, V. WILLIAM T. DAY, APPELLEE.

FILED DECEMBER 31, 1931. No. 27921.

*Grant G. Martin* and *J. A. McGuire*, for appellants.

*Hubka & Hubka, contra.*

Heard before GOSS, C. J., DEAN, EBERLY and PAINE, JJ., and WRIGHT, District Judge.

PER CURIAM.

This action was begun in the district court for Gage county by the plaintiffs Peter, George, Arthur, and William Monfelt, and Ada Tryner, heirs-at-law of the estate of Henry Monfelt, deceased, against William T. Day to recover on a promissory note for $2,327.65, executed by Day on November 10, 1923, and delivered to Henry Monfelt.

Plaintiffs allege that Day made a payment of $200 on the note August 15, 1925, and that such payment was indorsed thereon by Henry Monfelt, and that, contrary to the contention of the defendant, this action is therefore not barred by the statute of limitations. The plaintiffs alleged that there was due from the defendant on the note $3,444.42, with interest thereon at the rate of 10 per cent. per annum from October 4, 1929. The jury, however, found against the plaintiffs and in favor of the defendant. The plaintiffs have appealed.

The vital question here for determination is whether the payment of $200 on the note by the defendant to Henry Monfelt, August 15, 1925, was a payment upon the note in suit or upon another indebtedness, as defendant contends.

Sophia Monfelt is a daughter of Henry Monfelt and she testified that she was present, on or about August 15, 1925, when the defendant was alleged to have made and executed his check for $200 to apply on the note in suit. She testified, however, that the defendant left the house before the indorsement was written thereon by her father.

The defendant denied that he ever at any time made a payment on the note. He testified that a $200 check, that is noticed in the record, was in payment of a 15-day loan of money by Monfelt to him, but that no note was ever executed therefor. He also testified that the check in question was written for him by his son in their home,

and not by the daughter of Henry Monfelt, as she testified, and that he, the defendant, delivered the check to Monfelt on the street. And the defendant's son, in the presence of the jury, wrote a copy of a notation on the check and the handwriting appears to be practically identical with that on the check. The record of the bank, in which the defendant kept an account, discloses that only one $200 check was charged against his account at or near the time in question and the date thereon is as of August 14, 1925. And Monfelt's daughter testified that the writing on the check in question was not in her handwriting.

Upon submission, as above noted, a verdict was returned that was adverse to the contention of the plaintiffs. And it is elementary in this jurisdiction that the jury, after hearing and observing the witnesses and their demeanor while testifying, are better qualified to judge of the weight of the evidence than is a reviewing court with only the opposing counsel and the record as guidance.

The judgment is

AFFIRMED.